# United States Court of Appeals
# for the Federal Circuit

---

**E.DIGITAL CORPORATION,**
*Plaintiff-Appellant,*

**v.**

**FUTUREWEI TECHNOLOGIES, INC.,**
**doing business as Huawei Technologies (USA),** AND
**HUAWEI DEVICE USA, INC.,**
*Defendants-Appellees.*

---

2014-1019

---

Appeal from the United States District Court for the Southern District of California in No. 3:13-cv-00783-DMS-WVG, Judge Dana M. Sabraw.

- - - - - - - - - - - - - - - - - - - - - -

**E.DIGITAL CORPORATION,**
*Plaintiff-Appellant,*

**v.**

**PANTECH WIRELESS, INC.,**
**also known as Pantech North America,**
**PANTECH CO. LTD.** AND **GOPRO, INC.,**
*Defendants-Appellees.*

---

2014-1242, -1243

―――――――――――

Appeals from the United States District Court for the Southern District of California in Nos. 3:12-cv-02899-DMS-WVG and 3:13-cv-00023-DMS-WVG, Judge Dana M. Sabraw.

―――――――――――

Decided: November 19, 2014

―――――――――――

ANTON N. HANDAL, Handal & Associates, of San Diego, California, argued for plaintiff-appellant. With him on the brief was PAMELA C. CHALK.

JOSE L. PATIÑO, Foley & Lardner LLP, of San Diego, California, argued for all defendants-appellees. With him on the brief for defendants-appellees Futurewei Technologies, Inc., et al., were NICOLA A. PISANO and CHRISTOPHER C. BOLTEN.

KEVIN M. O'BRIEN, Baker & McKenzie LLP, of Washington, DC, for defendant-appellees Pantech Wireless, Inc., et al. With him on the brief were D. JAMES PAK, MATT DUSHEK and YI FANG.

HECTOR J. RIBERA, Fenwick & West LLP, of Mountain View, California, for defendant-appellee GoPro, Inc. With him on the brief were MICHAEL J. SACKSTEDER, CAROLYN CHANG and BRYAN A. KOHM.

―――――――――――

Before MOORE, O'MALLEY, and REYNA, *Circuit Judges.*

MOORE, *Circuit Judge.*

e.Digital Corporation appeals from a U.S. District Court for the Southern District of California judgment of non-infringement based on a determination that e.Digital

was collaterally estopped from seeking a construction of a claim limitation in e.Digital's U.S. Patent Nos. 5,491,774 and 5,839,108 different from another court's previous construction of the same limitation in the '774 patent. We hold that the district court correctly applied collateral estoppel to the '774 patent, but improperly applied the doctrine to the unrelated '108 patent. We also hold that the court did not abuse its discretion when it converted a stipulated partial judgment into a final judgment pursuant to Fed. R. Civ. P. 54(b). We *affirm-in-part*, *reverse-in-part*, and *remand* for further proceedings consistent with this opinion.

BACKGROUND

Prior to the cases at issue in this appeal, e.Digital asserted claims 1 and 19 of the '774 patent in the U.S. District Court for the District of Colorado (Colorado Court). The '774 patent discloses a device with a microphone and a removable, interchangeable flash memory recording medium that allows for audio recording and playback. '774 patent col. 3 ll. 50–64. Asserted claims 1 and 19 recited "a flash memory module which operates as sole memory of the received processed sound electrical signals" (sole memory limitation). *Id.* col. 9 ll. 9–11, col. 12 ll. 54–55. The court construed the sole memory limitation to require "that the device use only flash memory, not RAM or any other memory system" to store the "received processed sound electrical signals." *e.Digital Corp. v. Pentax of Am., Inc.*, No. 09-cv-02578, 2011 WL 2560069, at *8 (D. Colo. June 28, 2011). The court based its construction on the written description of the '774 patent and its determination that the use of RAM had been disclaimed during prosecution. *Id.* at *5–6. e.Digital argued that, because a microprocessor requires RAM to operate, and the claimed device performed tasks that involved a microprocessor, the device must use RAM. The Colorado Court held, however, that the existence of a microprocessor did not require the use of RAM because certain types

of flash memory "could be directly addressed by the microprocessor in the same way that RAM could, such that one could replace that RAM with the appropriate flash memory." No. 2014-1019 J.A. 152. Based on the claim construction, the parties to the Colorado litigation stipulated to dismiss the case with prejudice, which the Colorado Court granted.

After the Colorado case, the United States Patent and Trademark Office cancelled claims 1 and 19 of the '774 patent in an ex parte reexamination. '774 patent col. 2 l. 58–col. 4 l. 38 (ex parte reexamination certificate). It issued reexamined claim 33, which recites the limitations of cancelled claims 1 and 19, including the identical sole memory limitation, and added additional limitations like a microprocessor. *Id.*

e.Digital brought suit against Woodman Labs, Inc. d/b/a GoPro (GoPro), Pantech Wireless, Inc. and Pantech Co. Ltd. (together, Pantech), Futurewei Technologies, Inc. and Huawei Device USA (together, Huawei), and Apple Inc. in the Southern District of California, asserting reexamined claim 33 and claims 2 and 5 of the '108 patent. The court consolidated GoPro and Pantech's cases for discovery and claim construction purposes only. Based on the Colorado Court's previous construction, the defendants moved to apply collateral estoppel to the construction of the sole memory limitation in the '774 and '108 patents.

The district court granted the motions and adopted the Colorado Court's construction. The court reasoned that the '774 patent reexamination never addressed the sole memory limitation, and further held that the '108 and '774 patents are "closely related." No. 2014-1019 J.A. 9–10. e.Digital and Huawei stipulated to final judgment of non-infringement so e.Digital could appeal the Huawei decision. e.Digital stipulated to non-final partial judgment of non-infringement with Pantech, GoPro, and

Apple, who moved to stay their respective cases pending the Huawei appeal. Apple then moved to convert its judgment to a final judgment, and GoPro, but not Pantech, joined the motion. The court converted all of the partial judgments to final judgments under Fed. R. Civ. P. 54(b). e.Digital appealed these judgments. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

## I. Collateral Estoppel

We review a district court's application of collateral estoppel de novo, applying the law of the regional circuit. *Aspex Eyewear, Inc. v. Zenni Optical LLC*, 713 F.3d 1377, 1380 (Fed. Cir. 2013). Collateral estoppel applies if: (1) the issue necessarily decided in the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against which collateral estoppel is asserted was a party or in privity with a party at the first proceeding. *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000). On appeal, the parties only dispute whether construction of the sole memory limitation presents an identical issue.

We hold that the district court correctly applied collateral estoppel to the '774 patent because reexamined claim 33 recites the sole memory limitation identical to claims 1 and 19, and because the '774 patent reexamination never addressed that limitation or the presence of RAM. The reexamination instead focused exclusively on a limitation in claim 33 that is completely unrelated to the sole memory limitation. Though we do not hold that reexamination history cannot ever create a new issue that would preclude the application of collateral estoppel, such a scenario does not exist here because the reexamination history in no way modifies, clarifies, or even informs the construction of the sole memory limitation. Furthermore, though claim 33 adds a microprocessor not recited in

claims 1 and 19, the Colorado Court already considered, at length, whether existence of a microprocessor required the presence of RAM, and decided that it did not. Thus, despite e.Digital's arguments to the contrary, the addition of a microprocessor was expressly considered by the Colorado Court. Because reexamined claim 33 presents the identical claim construction inquiry as decided in the Colorado action, the district court properly applied collateral estoppel to the '774 patent.

The '108 patent, on the other hand, presents a separate claim construction issue. The '108 patent is not related to the '774 patent, but does disclose a purported improvement to the '774 patent. '108 patent col. 1 ll. 21–31, col. 7 ll. 1–9. While the '108 patent may incorporate by reference the '774 patent as prior art, it does not change the fact that the patents are not related. The '108 patent discloses a separate invention, includes a distinct prosecution history, and is supported by a different written description—including Figures 3 and 4 which clearly depict RAM. These distinctions reinforce the well-understood notion that claims of unrelated patents must be construed separately. *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1211 (Fed. Cir. 2002) (citing *Abbott Labs. v. Dey, L.P.*, 287 F.3d 1097, 1104 (Fed. Cir. 2002)) (explaining that a claim of an unrelated patent "sheds no light on" the claims of the patent in suit). Because the asserted patents are not related, the '108 patent requires a new claim construction inquiry and the court therefore erred in applying collateral estoppel to the '108 patent.

To be clear, our decision that collateral estoppel cannot apply to the construction of a claim in one patent based on a previous claim construction of an unrelated patent is not an invitation to assume the opposite is always justified. That is, a court cannot impose collateral estoppel to bar a claim construction dispute solely because the patents are related. Each case requires a determina-

tion that each of the requirements for collateral estoppel are met, including that the issue previously decided is identical to the one sought to be litigated. A continuation-in-part, for instance, may disclose new matter that could materially impact the interpretation of a claim, and therefore require a new claim construction inquiry.

## II. Conversion of Partial Judgment to Final Judgment Under Fed. R. Civ. P. 54(b)

Finally, the district court did not abuse its discretion in converting Pantech's partial judgment of non-infringement to a final judgment under Fed. R. Civ. P. 54(b). *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987) (reviewing for abuse of discretion a determination under Rule 54(b) that there was no just reason for delay in entering final judgment on fewer than all claims in the case). Rule 54(b) provides that a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." We see no error in the district court's determination that there was no just reason for delay because "[a]s the *Huawei* case [was] already on appeal, certifying the balance of cases ensure[d] that the collateral estoppel order [would] be appealed only once." Nos. 2014-1242, 2014-1243 J.A. 16. The court therefore did not abuse its discretion when it converted Pantech's judgment to a final one for purposes of appeal.

### CONCLUSION

The district court correctly applied collateral estoppel to the '774 patent, but erred in imposing the doctrine as to the unrelated '108 patent, which requires an independent claim construction. The court did not abuse its discretion when it certified Pantech's case for appeal pursuant to Rule 54(b).

## AFFIRMED-IN-PART, REVERSED-IN-PART, REMANDED

### COSTS

No costs.