# United States Court of Appeals for the Federal Circuit

---

**SOVERAIN SOFTWARE LLC,**
*Plaintiff-Appellee*

**v.**

**VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC, AVON PRODUCTS, INC.,**
*Defendants-Appellants*

---

2012-1649, 2012-1650

---

Appeals from the United States District Court for the Eastern District of Texas in No. 09-CV-0274, Chief Judge Leonard Davis.

---

Decided: February 12, 2015

---

JEFFREY A. LAMKEN, MoloLamken LLP, Washington, DC, argued for plaintiff-appellee. Also represented by ROBERT B. WILSON, ANASTASIA M. FERNANDS, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY; DAVID A. NELSON, Chicago, IL; GEORGE ELLSWORTH QUILLIN, ANDREW S. BALUCH, Foley & Lardner LLP, Washington, DC.

ROBERT RHOAD, Dechert LLP, Princeton, NJ, argued for defendant-appellant, Victoria's Secret Direct Brand Management, LLC. Also represented by CHRISTOPHER S.

RUHLAND, Los Angeles, CA; ROBERT W. ASHBROOK, JR., ROBERT LOUIS MASTERSON Philadelphia, PA; DANIEL B. EPSTEIN, Mountain View, CA.

DARYL L. JOSEFFER, King & Spalding LLP, Washington, DC, argued for defendant-appellant, Avon Products, Inc. Also represented by ADAM M. CONRAD, Charlotte, NC; GASTON KROUB, Locke Lord, LLP, New York, NY.

———————

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

DYK, *Circuit Judge.*

Victoria's Secret Direct Brand Management, LLC ("Victoria's Secret") and Avon Products, Inc. ("Avon") (collectively, "defendants") appeal from a judgment of the District Court for the Eastern District of Texas. The district court found that defendants infringed claims 34 and 51 of U.S. Patent No. 5,715,314 (the "'314 patent") and claims 15, 17, and 39 of U.S. Patent No. 5,909,492 (the "'492 patent") and that those claims were not invalid.

After the district court's judgment, this court decided *Soverain Software LLC v. Newegg Inc.*, 705 F.3d 1333 (Fed. Cir. 2013), *amended on reh'g*, 728 F.3d 1332, 1336 (Fed. Cir. 2013) (hereinafter "*Newegg*"). There, we held invalid as obvious claims 34 and 51 of the '314 patent and claims 17, 41, and 61 of the '492 patent. *Id.* at 1341, 1344. We hold that issue preclusion applies as a result of the *Newegg* case, and that the asserted claims here are therefore invalid. Accordingly, we reverse.

BACKGROUND

Soverain Software LLC ("Soverain") is the assignee of the '314 and '492 patents. It brought an infringement action against defendants in the Eastern District of Texas. The asserted claims fall into two categories. Claims 34 and 51 of the '314 patent and claim 17 of

the '492 patent are directed to virtual shopping carts.[1] Claims 15 and 39 of the '492 patent are directed to using

[1]   Claim 34 of the '314 patent is representative. It recites:

> A network-based sales system, comprising:
> at least one buyer computer for operation by a user desiring to buy products;
> at least one shopping cart computer; and
> a shopping cart database connected to said shopping cart computer;
> said buyer computer and said shopping cart computer being interconnected by a computer network;
> said buyer computer being programmed to receive a plurality of requests from a user to add a plurality of respective products to a shopping cart in said shopping cart database, and, in response to said requests to add said products, to send a plurality of respective shopping cart messages to said shopping cart computer each of which comprises a product identifier identifying one of said plurality of products;
> said shopping cart computer being programmed to receive said plurality of shopping cart messages, to modify said shopping cart in said shopping cart database to reflect said plurality of requests to add said plurality of products to said shopping cart, and to cause a payment message associated with said shopping cart to be created; and
> said buyer computer being programmed to receive a request from said user to purchase said plurality of products added to said shopping cart and to cause said payment message to be activated to initiate a payment transaction for

a hypertext statement so that users can access infor-
mation about past orders.[2]

---

> said plurality of products added to said shop-
> ping cart;
>
> said shopping cart being a stored representation
> of a collection of products, said shopping cart
> database being a database of stored represen-
> tations of collections of products, and said
> shopping cart computer being a computer that
> modifies said stored representations of collec-
> tions of products in said database.

'314 patent col. 13 l. 62–col. 14 l. 28.

[2]    Claim 15 of the '492 patent is representative. It
recites:

> A hypertext statement system, comprising:
>
> a client computer for operation by a client user;
> and
>
> one or more server computers for operation by a
> server user;
>
> the client computer and the server computers be-
> ing interconnected by a public packet switched
> computer network;
>
> at least one of the server computers being pro-
> grammed to record information pertaining to
> purchase transaction records in a database,
> and to transmit a statement document com-
> prising the purchase transaction records to
> the client computer over the network;
>
> the client computer being programmed to display
> the statement document to receive a request
> from the client user to display transaction de-
> tails corresponding to a portion of the state-
> ment document displayed by the client
> computer, and to cause a transaction detail

On November 18, 2011, a jury determined that defendants infringed the asserted claims and that those claims were not invalid as anticipated or obvious. The district court subsequently entered judgment in favor of Soverain. Defendants appealed on September 7, 2012.

Subsequent to the filing of the appeal, on January 22, 2013, this court decided *Newegg*, a case from the Eastern District of Texas in which Soverain also alleged infringement of the '314 and '492 patents. There, the district court had entered judgment that the asserted claims were infringed and not invalid. On appeal, we reversed, holding invalid as obvious claims 34 and 51 of the '314 patent and claims 17, 41, and 61 of the '492 patent. *Newegg*, 705 F.3d 1333 at 1347. In a subsequent panel rehearing decision, we clarified that claim 35 is also invalid. We "confirm[ed] that claim 34 is representative of the 'shopping cart' claims, including claim 35, and conclude[d] that dependent claim 35 is invalid on the ground of obviousness." *Soverain Software LLC v. Newegg Inc.*, 728 F.3d 1332, 1336 (Fed. Cir. 2013) (hereinafter "*Newegg II*"). [3]

---

hypertext link corresponding to the portion of the statement document to be activated;

at least one of the server computers being programmed to respond to activation of the transaction detail hypertext link by transmitting the transaction details to the client computer over the network as a transaction detail document.

'492 patent col. 13 l. 61–col. 14 l. 17.

[3] In its briefs in the *Newegg* appeal, Newegg had stated that claim 34 was asserted and was representative of the shopping cart claims. However, "although claim 34 was the subject of litigation of the shopping cart claims, the district court's judgment referred to claim 35, not

We apply the law of the regional circuit to the general procedural question of whether issue preclusion applies. *RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003). We apply this court's precedent to questions involving substantive issues of patent law, issues of issue preclusion that implicate substantive patent law issues, or issues of issue preclusion that implicate the scope of our own previous decisions. *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) (citing *Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1380 (Fed. Cir. 2013)). "[T]he issue of whether to apply collateral estoppel is a question of law, making our review *de novo*." *Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 549 (5th Cir. 2013) (citation omitted).

DISCUSSION

I

The first question is whether issue preclusion, or collateral estoppel, should apply to claims 34 and 51 of the '314 patent and claims 15 and 17 of the '492 patent as a result of the *Newegg* judgment. "Issue preclusion prohibits a party from seeking another determination of the litigated issue in the subsequent action." *State Farm Mut. Auto. Ins. Co. v. LogistiCare Solutions, LLC*, 751 F.3d 684, 689 (5th Cir. 2014) (quoting *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994)). The Fifth Circuit applies issue preclusion where the following four conditions are satisfied:

> First, the issue under consideration in a subsequent action must be identical to the issue litigated in a prior action. Second, the issue must have

claim 34. This court granted rehearing, to assure that the claims at issue in th[e] litigation were adequately and fairly assessed at trial and on appeal." *Newegg II*, 728 F.3d at 1333.

been fully and vigorously litigated in the prior action. Third, the issue must have been necessary to support the judgment in the prior case. Fourth, there must be no special circumstance that would render preclusion inappropriate or unfair.

*Id.* (quoting *Shanbaum*, 10 F.3d at 311). Our own law is similar. *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1366 (Fed. Cir. 2000) (issue preclusion requires four conditions: "(1) identity of the issues in a prior proceeding; (2) the issues were actually litigated; (3) the determination of the issues was necessary to the resulting judgment; and, (4) the party defending against preclusion had a full and fair opportunity to litigate the issues" (citations omitted)).

In *Newegg*, we explicitly held that claims 34 and 51 of the '314 patent and claim 17 of the '492 patent were obvious. 705 F.3d at 1341. Although claim 15 of the '492 patent, at issue here, was not explicitly invalidated in *Newegg*, we invalidated claim 41, which depends from claim 15. *Id.* at 1344. Therefore, the invalidity determination as to claim 41 extended to claim 15, as well. *See Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1344 (Fed. Cir. 2009) ("A broader independent claim cannot be nonobvious where a dependent claim stemming from that independent claim is invalid for obviousness.") (citation omitted).

The Supreme Court has held that a defense of issue preclusion applies where a party is "facing a charge of infringement of a patent that has once been declared invalid," even though the party asserting the defense was not a party to the action where the patent was invalidated. *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 349–50 (1971). We have similarly held that "once the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the bene-

fit of the invalidity decision under principles of collateral estoppel." *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994); *see In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 536 F.3d 1343, 1349 (Fed. Cir. 2008); *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999). It is also established that issue preclusion applies even though the precluding judgment (*Newegg*) comes into existence while the case as to which preclusion is sought (this case) is on appeal. *Mendenhall*, 26 F.3d at 1583–84 (invalidity decision rendered while case on appeal); *Dana Corp. v. NOK, Inc.*, 882 F.2d 505, 508 (Fed. Cir. 1989) (invalidity decision at Federal Circuit issued while case being briefed on appeal).

As to the four claims listed above, Soverain agrees that issue preclusion would normally be applicable but argues that it should not apply here because Soverain has not had a full and fair opportunity to litigate the issue of obviousness.

Under issue preclusion law generally and under both our law and Fifth Circuit law, a judgment of invalidity will not have a preclusive effect if a patentee can demonstrate that it did not have a full and fair opportunity to litigate the issue. *Blumcraft of Pittsburgh v. Kawneer Co.*, 482 F.2d 542, 546–47 (5th Cir. 1973); *see Blonder-Tongue*, 402 U.S. at 333 (a patentee "must be permitted to demonstrate, if he can, that he did not have 'a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time'" (citation omitted)); *Pharmacia*, 170 F.3d at 1379 ("[A] judgment of invalidity will have no collateral estoppel effect if the patentee can show that it did not have a full and fair opportunity to litigate."); Restatement (Second) of Judgments § 28(5) (1982) (a party is not precluded where "the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action").

We need not here review the various grounds that are relevant to whether a party had a full and fair opportunity to litigate because most are inapplicable here. *See generally Blonder-Tongue*, 402 U.S. at 332–34; Restatement (Second) of Judgments §§ 28, 29. For example, the issue of incentive to litigate arises where "[t]he stakes in the first action may be so small that extensive effort is not reasonable if the risk is limited to the first action." 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4423 (2d ed. 2002). That circumstance does not exist here. Soverain does not dispute that it was represented by distinguished counsel in that appeal and that the amount in controversy was significant.

The unusual full and fair opportunity argument made here requires an understanding of the appeal in *Newegg*. In the district court in *Newegg*, at the close of evidence, Soverain and the defendant Newegg Inc. ("Newegg") filed cross-motions for judgment as a matter of law ("JMOL"); the district court granted Soverain's JMOL motion of non-obviousness and denied Newegg's JMOL motion of obviousness. *See Newegg*, 705 F.3d at 1336. As a result of the grant of Soverain's motion, the jury did not address obviousness. *Id.*

After the jury's verdict, the district court denied Newegg's renewed JMOL motion and alternative motion for a new trial. *Id.* Newegg appealed from the district court's judgment of non-obviousness. *Id.* While Newegg had preserved in the district court the argument that it should have been granted JMOL on the issue of obviousness, on appeal Newegg explicitly argued only that the district court erred in granting JMOL for Soverain on the issue of non-obviousness and in not granting Newegg's

motion for a new trial.[4] *See id.* Newegg also requested "any other and further relief to which it may be justly entitled." J.A. 37701.

We acknowledged that Newegg on appeal had argued only for a new trial but noted that, "[h]owever, questions of law must be correctly decided . . . ." *Newegg*, 705 F.3d at 1337. On "th[o]se premises, we determine[d] the question of obviousness." *Id.* The primary evidence before us in *Newegg* regarding invalidity was the "CompuServe Mall" system, a prior electronic commerce system, including two books describing the system which disclosed the use of electronic shopping carts. *Id.* at 1337–38, 1340–41, 1343–44. Soverain's arguments for nonobviousness relied on features that were either "not embodied in the claims and not reflected in the claim construction," *id.* at 1339; *see id.* at 1341, or related to incorporation of known internet technology, *id.* at 1340, 1343–44.

Soverain petitioned for rehearing and rehearing en banc. Soverain argued that the court improperly ordered JMOL when, on appeal, Newegg had asked only for a new trial. Additionally, Soverain and Newegg both noted that claim 35 of the '314 patent had not been addressed in our decision, even though it had been included in the district court's judgment of no invalidity. We subsequently grant-

---

[4]     *Newegg* was thus unlike *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 398 (2006) (holding "that since respondent failed to renew its preverdict motion as specified in Rule 50(b), there was no basis for review of respondent's sufficiency of the evidence challenge in the Court of Appeals"). The Supreme Court has recognized that, under Federal Rule of Civil Procedure 50, a court of appeals can direct entry of judgment in cases where the sufficiency of the evidence is challenged, and a JMOL motion was made in the district court. *See Neely v. Martin K. Eby Constr. Co.*, 386 U.S. 317, 328–30 (1967).

ed panel rehearing and, after considering supplemental briefing and arguments, "confirm[ed] that claim 34 is representative of the 'shopping cart' claims, including claim 35, and conclude[d] that dependent claim 35 is invalid on the ground of obviousness." *Newegg II*, 728 F.3d at 1336. We implicitly rejected the patentee's argument that the court should have granted a new trial rather than JMOL, *id.*, implicitly rejecting the idea that Soverain did not have a full and fair opportunity to litigate. Rehearing en banc was denied. *Soverain Software LLC v. Newegg Inc.*, No. 2011-1009 (Fed. Cir. Sept. 4, 2013) (order denying en banc rehearing). Soverain's petition for a writ of certiorari to the Supreme Court was denied. *Soverain Software LLC v. Newegg Inc.*, 134 S. Ct. 910 (2014).

We note that Soverain does not argue that it was deprived of crucial evidence or witnesses in the first litigation or that it would present additional evidence at a new trial. *See Blonder-Tongue*, 402 U.S. at 333. Nor is there any contention that Soverain did not have a full and fair opportunity to litigate the question of obviousness at the district court. Rather, Soverain's argument is that it did not have the incentive to fully litigate the issue of non-obviousness on appeal.[5]

---

[5]    Soverain also argues that it lacked the ability to appeal our judgment in *Newegg*, under the exception to preclusion which applies where a party "could not, as a matter of law, have obtained review of the judgment in the initial action." Restatement (Second) of Judgments § 28(1).  But the ability to appeal generally concerns the ability to appeal from the court of first instance (here, the district court). And here, Soverain petitioned for rehearing and to the Supreme Court for certiorari. The ability to appeal exception "applies only when review is precluded as a matter of law. It does not apply in cases where review

Specifically, Soverain contends that it would have raised different or additional arguments on appeal if it had known that this court might reverse the district court on invalidity rather than only granting a new trial. But Soverain does not cite any case to support the notion that a full and fair opportunity to litigate is lacking where a party might have argued differently on appeal. In *Newegg*, the same basic issue of obviousness was central whether the focus was on insufficiency of the evidence as a ground for JMOL or on insufficiency of the evidence as a ground for a new trial. Not surprisingly, Soverain has not identified any significant new arguments that were not in fact raised in the earlier appeal.

With respect to the shopping cart patents (claims 34 and 51 of the '314 patent and claim 17 of the '492 patent), Soverain argues that it did not have a full and fair opportunity to present its arguments in *Newegg* that "product identifiers," a limitation in each of the asserted claims, distinguish the prior art CompuServe Mall system. Basically, a product identifier identifies which product a user has placed in a shopping cart.[6] *See* '314 patent col. 3 ll. 45–47, col. 5 ll. 29–30, col. 14 ll. 9–10. But Soverain presented the same arguments about product identifiers in *Newegg* that it puts forward here. Here, Soverain points to expert testimony to argue that the CompuServe Mall system did not utilize product identifiers because that system was a single computer system that always recognized the identity of the user and which product the user was viewing. Similarly, in *Newegg*, Soverain contended that "Newegg's fact witness, Mr. Trevor, testified

is available but is not sought. Nor does it apply when there is discretion in the reviewing court to grant or deny review and review is denied . . . ." *Id.* § 28 cmt. a.

[6]    The term "product identifier" was not construed at the district court.

that the CompuServe Mall did not employ product identifiers, and was therefore not programmed to send shopping cart messages . . . each of which comprises a product identifier." Brief of Plaintiff-Appellee Soverain Software LLC at 45, *Newegg*, 705 F.3d 1333 (No. 2011-1009) (alterations in original) (internal quotation marks and citation omitted). Soverain argued that, "[a]s Soverain's expert, Dr. Shamos, explained, the basic architecture of the CompuServe Mall was specifically designed so that the system would be able to ascertain which products the customer had selected for purchase without the use of a separate product identifier." *Id.* (internal quotation marks and citation omitted). This court in *Newegg* considered and rejected Soverain's arguments about the product identifier. We discussed the testimony by Soverain's expert that the CompuServe system lacked the product identifier limitation and rejected the expert's conclusions. *Newegg*, 705 F.3d at 1339–40. We found that "[t]he product identifier message term does not distinguish the shopping cart claims from the prior art CompuServe Mall." *Id.* at 1340.

Soverain also argues that it did not have the opportunity in *Newegg* to present its arguments that the confirmation numbers from the CompuServe Mall system did not satisfy the limitations of the hypertext statement claims (claims 15 and 39 of the '492 patent). Soverain argues that its expert testimony established that the CompuServe system did not provide online access to information or suggest providing hyperlinked transaction documents, as required by the claims. But Soverain made this same argument in its *Newegg* briefing, stating that "[t]he CompuServe Mall did not have the capability for customers to review their order status or transaction history online." Brief of Plaintiff-Appellee Soverain Software LLC at 46, *Newegg*, 705 F.3d 1333 (No. 2011-1009). In *Newegg*, we addressed Soverain's argument that, in the "CompuServe Mall[,] it might be necessary to resort to the

telephone or email to get the transaction information . . . ." 705 F.3d at 1343. We reasoned that the patentee "did not invent the Internet, or hypertext, or the URL. . . . [T]he use of hypertext to communicate 'a statement document' or 'transaction detail document' was a routine incorporation of Internet technology into existing processes." *Id.* at 1344 (citations omitted).

Soverain further argues that it did not focus on the credibility of Newegg's expert witness "because Soverain was seeking to affirm JMOL of non-obviousness by relying on [Newegg's expert's] failure to establish that certain claim elements were prima facie present." Appellee's Br. 29. Specifically, Soverain argues that it would have presented evidence that Newegg's expert, Mr. Tittel, was discredited on cross-examination because he admitted that he did not conduct an element-by-element comparison of the claims to the prior art, apply the district court's claim construction, or review the prosecution history of the patents. But Soverain did have the incentive to raise these arguments in the *Newegg* appeal. The district court had issued JMOL for Soverain, having found that Newegg failed to present a prima facie case of obviousness. *Newegg*, 705 F.3d at 1337. On appeal, the question was whether JMOL was inappropriate because Tittel's testimony established a prima facie case of obviousness, as Newegg argued. *See id.* We concluded that Tittel's testimony established that each element of the claims was present in the CompuServe system and relied on that testimony. *Id.* at 1338, 1342–43. Soverain did have the incentive to argue that Tittel's testimony did not support Newegg's obviousness arguments because Mr. Tittel, for example, did not conduct an element-by-element analysis. The fact that Soverain had arguments which it did not make does not mean that Soverain lacked the incentive to make them.

## II

The remaining question is whether issue preclusion applies to invalidate claim 39 (a hypertext statement claim) of the '492 patent. Claim 39 depends from claim 15. Claim 15 was invalidated as obvious in *Newegg*. *See Newegg*, 705 F.3d at 1344 (invalidating as obvious claim 41, which depends from claim 15). The only additional limitation in claim 39 concerns the Internet. Claim 39 recites "[a] hypertext statement in accordance with claim 15,[7] wherein the network is an Internet." '492 patent Reexamination Certificate C1 col. 1 ll. 21–22.

Soverain argues that issue preclusion should not apply because claim 39 was not previously found obvious and does not present identical issues. Complete identity of claims is not required to satisfy the identity-of-issues requirement for claim preclusion. *Ohio Willow Wood*, 735 F.3d at 1342; *see Aspex*, 672 F.3d at 1341 (in the claim preclusion context). "If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies." *Ohio Willow Wood*, 735 F.3d at 1342 (citing *Bourns, Inc. v. United States*, 537 F.2d 486, 493 (Ct. Cl. 1976)). In *Ohio Willow Wood*, we applied issue preclusion to invalidate a claim where a different claim in another patent had previously been invalidated because "the[] patents use[d] slightly different language to describe substantially the same invention." *Id.* We also found that a difference in claim scope was not fatal to the application of estoppel. *Id.* at 1343. The previously-invalidated claim contained a limitation requiring only polymeric gel, whereas the unadjudicated claim required, more specifically, block copolymer gel. *Id.* We held that, because the patentee failed to explain how the additional limitation would change an invalidity analysis, the pa-

---

[7]    The language of claim 15 is quoted, *supra*, n.2.

tentee had not met its burden in opposing summary judgment. *Id.*

The additional limitation here—transmitting a hypertext statement over the Internet, rather than over a generic network—does not materially alter the question of the validity of claim 39. In *Newegg*, as to the hypertext statement claims, the court noted that Newegg's expert Tittel had testified that CompuServe was not on the Internet. *Newegg*, 705 F.3d at 1343. We explained that, as conceded by Soverain's expert Shamos, the patentee "did not invent the Internet, or hypertext, or the URL." *Id.* at 1344 (citing Shamos testimony). "[T]he use of hypertext to [perform the limitations of the hypertext statement claims] was a routine incorporation of Internet technology into existing processes." *Id.* (citations omitted). Here, too, the routine incorporation of Internet technology in claim 39 does not change the invalidity analysis.

The invalidity of the asserted claims of the '314 and '492 patents is established by issue preclusion. The judgment of infringement and no invalidity accordingly is reversed.

**REVERSED**

COSTS

Costs to appellants.