NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**U.S. ETHERNET INNOVATIONS, LLC,**
*Plaintiff-Appellant*

**v.**

**TEXAS INSTRUMENTS INCORPORATED,**
*Defendant-Appellee*

———————————

2015-1510

———————————

Appeal from the United States District Court for the Eastern District of Texas in No. 6:11-cv-00491-MHS-JDL, Judge Michael H. Schneider.

———————————

Decided: April 25, 2016

———————————

JOHN C. HERMAN, Robbins Geller Rudman & Dowd LLP, Atlanta, GA, argued for plaintiff-appellant. Also represented by PETER M. JONES.

ROBERT T. HASLAM, Covington & Burling LLP, Redwood Shores, CA, argued for defendant-appellee. Also represented by RANGANATH SUDARSHAN, Washington, DC.

———————————

Before TARANTO, LINN, and HUGHES, *Circuit Judges.*

LINN, *Circuit Judge.*

U.S. Ethernet Innovations, LLC ("USEI") appeals the decision of the United States District Court for the Eastern District of Texas, holding U.S. Patent No. 5,434,872 ("'872 patent") invalid as anticipated on the basis of collateral estoppel, *U.S. Ethernet Innovations, LLC. V. Texas Instruments, Inc.*, No. 6:11-cv-491 (E.D. Tex. Feb. 19, 2015) ("*TI*"), following a final judgment of invalidity issued by the United States District Court for the Northern District of California, *U.S. Ethernet Innovations, LLC. v. Acer, Inc.*, No. 4:10-cv-3724 (N.D. Cal. Oct. 10, 2014) ("*Acer*"), *affirmed in* Appeal No. 2015-1640, -1641 (Fed. Cir. April 25, 2016) ("*Acer* appeal"). USEI also contends that the district court erred by not allowing USEI to present its willful infringement argument. Because our contemporaneous affirmance of the Northern District's summary judgment of invalidity of the '872 patent in the companion *Acer* appeal has issue-preclusive effect, we are compelled to affirm and do not reach USEI's argument on willfulness.

## BACKGROUND[1]

In 2009, USEI sued several computer makers and Ethernet end-users in the Eastern District of Texas for infringement of the '872 patent, U.S. Patent No. 5,732,094,[2] and other patents no longer at issue. Those cases were transferred to the Northern District of California, and are the subject of the companion *Acer* appeal.

---

[1]    Because we write for the parties, familiarity with the background of this case is assumed and presented herein only to the extent necessary to provide context for the analysis that follows.

[2]    The '094 patent is not at issue in this appeal, but was at issue in the *Acer* appeal.

On September 15, 2011, USEI initiated the present action against Texas Instruments ("TI") in the Eastern District of Texas for infringement of the '872 patent and other patents no longer at issue. On April 3, 2014, the district court heard and denied a motion by TI for summary judgment of invalidity of the '872 patent as anticipated by a SONIC reference. On April 11, 2014, a jury determined that all of the asserted claims of the '872 patent were not invalid over SONIC. On June 20, 2014, a second jury determined that TI directly infringed and induced infringement of all asserted claims of the '872 patent, and awarded USEI $3,000,000 in damages. On the basis of these jury determinations, the district court entered final judgment for USEI on September 19, 2014. In that judgment, the district court noted: "With the exception of the parties' post-verdict briefing (Doc. Nos. 346, 348, 421, and 426 [including TI's Rule 50(b) motion for judgment as a matter of law]), which will be ruled upon separately, all relief not previously granted is hereby **DENIED**."

On November 7, 2014, Acer moved for summary judgment of invalidity in the Northern District of California case on the same SONIC reference previously found not to anticipate the claims of the '872 patent in the Eastern District of Texas case. The Northern District of California granted the motion and found the asserted claims of both the '872 and '094 patents invalid as anticipated. The court entered final judgment of invalidity on December 1, 2014.

Following the judgment of invalidity in the Northern District of California case, TI filed a motion in the Eastern District of Texas to compel the application of collateral estoppel and to enter judgment of invalidity of the '872 patent, notwithstanding the earlier contrary judgment entered on the basis of the jury's verdict. On February 19, 2015, the *TI* district court granted TI's motion.

The TI district court did not rule on TI's Rule 50(b) motion for judgment as a matter of law.

USEI challenges the Eastern District of Texas's application of collateral estoppel in light of the timing of the district court ruling in the *Acer* case and timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

USEI argues that Fifth Circuit law not Federal Circuit law governs the question of whether collateral estoppel may be applied after verdict and judgment in the Eastern District of Texas case on the basis of the inconsistent later judgment in the Northern District of California case. *See Cycles, Ltd. v. Navistar Fin. Corp.*, 37 F.3d 1088, 1090 (5th Cir. 1994) (holding a district court judgments final and, thus, "strong enough to withstand preclusion by inconsistent later judgments" even when the precluded judgment was not yet appealable). We need not resolve this question, however, because we have contemporaneously affirmed the invalidity of the '872 patent in the *Acer* appeal, and that ruling itself has issue-preclusive effect. On issues of issue preclusion that implicate the scope of our own previous decisions, we apply Federal Circuit law. *See Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015) ("We apply this court's precedent to questions involving substantive issues of patent law, issues of issue preclusion that implicate substantive patent law issues, or issues of issue preclusion that implicate the scope of our own previous decisions.").

Our decision in *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1576-76 (Fed. Cir. 1994) ("*Mendenhall*") informs the outcome in this case. That decision flowed from a series of cases in which patentee, Mendenhall, sued Astec, Cedarapids, and Barber-Greene, respectively, for infringement of the same patents in various district courts. The Astec case was the first to proceed to trial

and resulted in a determination that the patents were not invalid.  On September 1, 1989, this court affirmed the no invalidity ruling on interlocutory appeal and remanded for a determination of damages.  *See Mendenhall v. Astec Indus., Inc.*, 887 F.2d 1094 (Fed. Cir. 1989) (unpublished), *aff'g* 13 USPQ2d 1913, 1988 WL 188449 (E.D. Tenn. Oct. 31, 1988).

The Cedarapids case was the next to proceed to trial, resulting in a final judgment of invalidity on March 4, 1991.  This court affirmed the invalidity determination on September 13, 1993.  *See Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1574 (Fed. Cir. 1993), *cert. denied* 511 U.S. 1031 (April 18, 1994).

Following the invalidity ruling in the *Cedarapids* case, Astec, in the remand proceedings, argued that Mendenhall was collaterally estopped on the basis of *Cedarapids*.  The *Astec* district court disagreed and proceeded to award damages.  Astec then appealed.

In the *Barber-Greene* case, the district court held that Barber-Greene had infringed, and Barber-Greene appealed.  The *Cedarapids* district court decision issued and we affirmed, while Barber-Greene's appeal was pending. For the first time on appeal, Barber-Greene argued that the infringement determination and injunction should be reversed, based on the invalidity determination in *Cedarapids*.  *Mendenhall*, 26 F.3d at 1576.  The Astec and Barber-Greene appeals were consolidated.  *Id*.  Mendenhall argued "that these cases [*Astec* and *Barber-Greene*] are too far along for [the accused infringers] to invoke collateral estoppel."  *Id*. at 1578.

We disagreed and held that "[i]t would be contrary to the policies expressed in *Blonder-Tongue* were this court now to enter the judgments Mendenhall seeks in these appeals."  *Id*.  In *Blonder-Tongue*, the Supreme Court held that non-mutual issue preclusion was generally available to accused infringers where a prior judgment had held

that the asserted patent was invalid. *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Foundation*, 402 U.S. 313, 350-51 (1971). The Court reiterated that "[a] patent by its very nature is affected with a public interest," *id.* at 343 (quoting *Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806, 816 (1945)), and explained its "consistent view" "that the holder of a patent should not be . . . allowed to exact royalties for the use of an idea that is not in fact patentable or that is beyond the scope of the patent monopoly granted," such as would occur where a defendant must defend a suit for infringement of a previously adjudged invalid patent, *see id.* at 350-51.

*Mendenhall* is squarely on point here. Like the precluding invalidity determination in *Cedarapids*, the precluding *Acer* decision was made and affirmed by this court. Just as Barber-Greene was not immunized from the preclusive effect of *Cedarapids* while Barber-Greene was on appeal after the district court's final judgment, the *TI* decision here is likewise not immunized from the preclusive effect of the *Acer* appeal. *See also Soverain*, 778 F.3d at 1315 ("It is also established that issue preclusion applies even though the precluding judgment [] comes into existence while the case as to which preclusion is sought (this case) is on appeal."). The invalidity of the '872 patent has been adjudged—to enforce it against TI in light of our concurrent affirmance in *Acer* would thus extend the patent beyond its proper scope.

USEI does not argue that it did not have a full and fair opportunity to litigate the validity of the '872 patent in *Acer*. Instead, USEI attempts to distinguish *Mendenhall* by asserting that the precluding judgment in that decision was a decision of this court, not a district court decision. Now that we have upheld the invalidity of the '872 patent, this argument is inapposite. *Cf. Hart Steel Co. v. R.R. Supply Co*, 244 U.S. 294, 299 (1917) ("The conclusion [of patent invalidity] which we have reached in

[the companion] Railroad Supply Co. v. Elyria Iron & Steel Co. this day decided 244 U. S. 285 . . . is such that it leaves our decision in this case [to apply collateral estoppel] uncomplicated by the one in that."); *R.R. Supply Co. v. Elyria Iron & Steel Co.*, 244 U.S. 285 (1917).

"[A] patentee, having been afforded the opportunity to exhaust his remedy of appeal from a holding of invalidity, has had his 'day in court' and should not be allowed to harass others on the basis of an invalid claim." *Blonder-Tongue*, 402 U.S. at 339; *see also Mendenhall*, 26 F.3d at 1578 ("For this court to affirm the findings of infringement and the willfulness of conduct against one appellant, increase damages against the other, and uphold injunctions against both, appears anomalous in the extreme in connection with patents this court has just held invalid."). There is no basis for USEI to avoid the application of estoppel in this case.

In short, this court's affirmance in the *Acer* appeal of the Northern District of California's judgment that all of the asserted claims of the '872 patent are invalid compels our affirmance of the Eastern District of Texas's judgment under the circumstances of this case.

**AFFIRMED**