NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NAZIR KHAN,**
*Plaintiff-Appellant*

**IFTIKHAR KHAN,**
*Plaintiff*

**v.**

**ARTIVION, INC.,**
*Defendant-Appellee*

---

2023-2347

---

Appeal from the United States District Court for the Northern District of Georgia in No. 1:21-cv-02291-SCJ, Judge Steve C. Jones.

---

Decided:  July 16, 2024

---

NAZIR KHAN, Burr Ridge, IL, pro se.

KATRINA M. QUICKER, Quicker Law, LLC, Atlanta, GA, for defendant-appellee.  Also represented by KATHRYN ALLISON VANCE.

---

Before MOORE, *Chief Judge*, LOURIE and STARK, *Circuit Judges*.

PER CURIAM.

Nazir Khan,[1] owner of U.S. Patent No. 8,747,344 ("'344 patent"), filed a complaint against Artivion, Inc.[2] ("Artivion") in the United States District Court for the Northern District of Georgia (the "Georgia Action"). Khan alleged that a product made by Artivion, the "HeRO Graft," a device used for hemodialysis, infringed claims of the '344 patent literally, under the doctrine of equivalents, and also under 35 U.S.C. § 112(f), governing means-plus-function claiming. On the same day, Khan filed suit against another company, Merit Medical, Inc. ("Merit Medical"), on the same causes of action, in the United States District Court for the District of Utah (the "Utah Action"). Merit Medical had purchased the HeRO product line from Artivion. Khan's complaint in the Georgia Action, therefore, was based on alleged infringement by the same product accused of infringing the same claims in the Utah Action. After the district court entered judgment of non-infringement for Merit Medical in the Utah Action, the court in the Georgia Action granted Artivion's motion to dismiss based on the collateral estoppel effect of the Utah Action judgment.

Khan filed a timely appeal, over which we have jurisdiction. *See* 28 U.S.C. § 1295(a)(1). Khan focuses his appeal on the purported merits of his infringement claims,

---

[1] The amended complaint, filed on September 1, 2022, by Nazir and Iftikhar Khan, is the operative complaint. Iftikhar Khan is not participating in this appeal.

[2] Artivion formerly did business as CryoLife, Inc., which is the name used in the complaint (along with Hemosphere, Inc., which was dismissed as a party after it ceased operating on May 15, 2012).

barely addressing collateral estoppel. Artivion argues that collateral estoppel applies and, therefore, the district court properly dismissed Khan's complaint. We agree with Artivion.

By separate order issued today, we have affirmed the Utah court's judgment of non-infringement. *See Khan v. Merit Medical Systems, Inc.*, No. 23-2329 (Fed. Cir. Jul. 16, 2024). We now affirm the district court's dismissal order in the Georgia Action.

"On procedural issues not unique to this circuit's exclusive jurisdiction, we apply the law of the regional circuit, which in this case is the Eleventh Circuit." *Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1323 (Fed. Cir. 2002). This includes the review of a district court's determination of whether collateral estoppel applies, which we review de novo. *See Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015); *Matter of McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989). The Eleventh Circuit applies clear error review to factual determinations. *See Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008). It "subject[s] [a] district court's decision to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b) to *de novo* review." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998). For issues addressed by the district court that are particular to patent law, such as whether claims for patent infringement are identical in two different actions, we apply Federal Circuit law. *See Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1380 (Fed. Cir. 2013).

In the Eleventh Circuit, a party seeking application of collateral estoppel "must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been 'a critical and necessary part' of the judgment in the first action; and (4) the party against whom

collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Pleming*, 142 F.3d at 1359. We find no error in the district court's determination that each of these elements is met here.

The Utah Action and the Georgia Action both involved the identical issue: whether the HeRO Graft line of products infringe claim 13 of Khan's '344 patent. The fact that counterclaims for non-infringement were asserted in Utah but not in Georgia, as Khan emphasizes, makes no difference. The pertinent inquiry for collateral estoppel is whether the identical issue is asserted in both actions, not whether additional issues (with respect to which no one is asserting collateral estoppel) are also litigated in one action and not the other. *See generally Cromwell v. Sac Cnty.*, 94 U.S. 351, 353 (1876) ("[T]he judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.").

The identical issue of infringement was also actually litigated in both cases. Khan does not dispute this undeniable reality, instead turning his complaints to the manner in which the Utah Action was litigated. *See* Reply Br. at 16 (arguing case was "unfairly, wrongly litigate[d]" in Utah). His dissatisfaction with the result in Utah does nothing to change the fact that the very same issues he sought to litigate in the Georgia Action had already been actually litigated in the Utah Action. *See Uniloc USA, Inc. v. Motorola Mobility LLC*, 52 F.4th 1340, 1350 (Fed. Cir. 2022) ("Generally, collateral estoppel cannot be denied because [a party argues that] the [prior] decision was incorrect."); *see also In re St. Laurent*, 991 F.2d 672, 675 (11th Cir. 1993) (explaining that collateral estoppel "bars relitigation of an issue previously decided"). Additionally, as we already noted, we have today affirmed the judgment of non-infringement in the Utah Action.

The identical, actually litigated issue of patent infringement was also plainly "a critical and necessary part" of the judgment in the Utah Action. The Utah court could not have entered judgment of non-infringement without determining that Khan could not prove the HeRO Graft infringes claim 13 of the '344 patent. *See* S. App'x 172 (Utah District holding that "there is no literal infringement of Claim 13 as a matter of law"); S. App'x 172-77 (holding that doctrine of equivalents and means-plus-function do not apply or create question of infringement); S. App'x 187 (granting summary judgment of non-infringement in favor of Merit Medical). That is the very question that is central to, and therefore "a critical and necessary part" of, Khan's complaint against Artivion here in the Georgia Action.

Finally, Khan had a "full and fair opportunity to litigate the issue" in the Utah Action. He filed a complaint against Merit Medical on June 1, 2021 and moved for summary judgment of infringement after both sides attached evidence to their briefs. He also filed a brief opposing Merit Medical's motion for summary judgment. Mr. Khan had numerous filings, over a year of proceedings, and a plethora of chances to address the relevant issues directly. This factor, then, was satisfied.

We have considered Khan's other arguments and find them unpersuasive. Accordingly, because the district court rightly found Khan is collaterally estopped from proving infringement on any of the grounds he asserted in that court, we affirm its order dismissing his complaint.

**AFFIRMED**