NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ASKAN HOLDINGS, LTD.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2022-1995

_____

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01793-CNL, Judge Carolyn N. Lerner.

_____

Decided:  February 23, 2024

_____

TERESA NICOLE TAYLOR, Taft Stettinius & Hollister LLP, Washington, DC, argued for plaintiff-appellant.

NATHANAEL YALE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

_____

Before DYK, CLEVENGER, and CHEN, *Circuit Judges*.

DYK, *Circuit Judge.*

Askan Holdings, LTD. ("Askan"), brought suit against the United States in the Court of Federal Claims ("Claims Court"), alleging a Fifth Amendment taking. The Claims Court granted the government's motion to dismiss on four grounds. Because we agree that collateral estoppel precludes Askan from bringing these claims and that, in any event, 28 U.S.C. § 1500 deprives the Claims Court of subject matter jurisdiction, we *affirm*. We do not reach the Claims Court's other grounds for dismissal.[1]

## BACKGROUND

Askan is a Seychelles-registered aircraft holding company which is wholly owned by Transylvania International Airlines SRL ("TIA"). Askan was created solely to purchase an Airbus A320 and provide the aircraft to TIA so TIA could maintain the statutorily required number of commercial flights to operate a commercial airline in Europe. Askan entered into an agreement with JetPro International, LLC ("JetPro"), an American company, to purchase an Airbus A320. On January 4, 2016, Askan made a down payment in the amount of $923,000. But the transaction was never completed. JetPro cancelled the transaction, and Askan requested the return of its down payment. JetPro attempted to return the down payment, but the return was blocked by the Office of Foreign Assets Control ("OFAC") when the funds were routed through Deutsche Bank Americas in New York City, New York.

Askan petitioned OFAC to unblock the funds several times and was denied each time. On June 2, 2020, Askan filed for a declaratory and injunctive relief in the United

---

[1]    The other grounds were that Askan lacked sufficient contacts with the United States to establish standing and that the case is moot because Askan received the funds at issue, with interest.

States District Court for the District of Columbia.  On November 9, 2020, Askan amended its complaint in the district court after learning that, despite receiving a license for its funds from OFAC, the money had escheated to the State of New York Office of Comptroller under New York's laws governing abandoned property.  In March 2021, Askan received its blocked funds plus interest.

During the pendency of the district court litigation, on December 16, 2020, Askan also filed its first complaint in the Claims Court (*Askan I*), alleging that the government's actions constituted a Fifth Amendment taking.  *Askan Holdings, Ltd. v. United States*, 155 Fed. Cl. 216 (2021) ("*Askan I*"); Appellant Br. 10.  According to Askan, "[d]ue to a clerical error, the wrong complaint was filed," Appellant's Br. 10, in that the complaint alleged a takings claim but mistakenly cited the Due Process Clause of the Fifth Amendment as the source of the takings liability.[2]  The Claims Court in *Askan I* dismissed the complaint for lack of subject matter jurisdiction, finding that 28 U.S.C. § 1500 "prevents redundant litigation by barring this court from exercising jurisdiction over a claim when a plaintiff has a case pending in another court 'for and in respect to' the same claim."  *Askan I*, 155 Fed. Cl. at 225. The Claims Court concluded "[w]hen the plaintiff filed its original complaint in this court, the plaintiff had claims based on the same operative facts pending in the U.S. District Court for the District of Columbia."  *Id*.

---

[2]   Askan filed an amended complaint in *Askan I* to address the clerical error, but, as the Claims Court held, the amended complaint is not relevant to the Section 1500 analysis.  *Askan I*, 155 Fed. Cl. at 221 ("The Court must consider § 1500's jurisdictional bar only in relation to the plaintiff's original complaint in this court, not its amended complaint."); *see Res. Invs., Inc. v. United States*, 785 F.3d 660, 669 (Fed. Cir. 2015).

On September 2, 2021, while the district court case was still pending,[3] Askan filed a second complaint in the Claims Court (*Askan II*), alleging a Fifth Amendment takings claim, correcting the alleged clerical error from the previous case. Askan deleted references to the Due Process Clause and substituted references to the Fifth Amendment takings clause. Despite this change, the Claims Court found "the factual allegations concerning the government's conduct in *Askan I* and the instant case are the same[.]" *Askan Holdings, Ltd. v. United States*, No. 21-1793C, 2022 WL 1512730, at *4 (Fed. Cl. May 12, 2022) *("Askan II")*. The Claims Court dismissed the complaint, finding that issue preclusion barred the second complaint (*Askan II*) because the second complaint was virtually identical to the first complaint (*Askan I*), and that Section 1500 applied regardless of collateral estoppel. *Id.* at *5, *7.

Askan timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

### I

"We review the Claims Court's decision to dismiss a case for lack of subject matter jurisdiction de novo." *Cent. Pines Land Co. v. United States*, 697 F.3d 1360, 1363 (Fed. Cir. 2012).

Section 1500 provides that "[t]he United States Court of Federal Claims shall not have jurisdiction for any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the

---

[3]    On September 23, 2021, the district court case was dismissed as moot. *Askan Holdings, Ltd. v. U. S. Dep't of the Treasury, Off. of Foreign Assets Control*, No. CV 20-1458 (RJL), 2021 WL 4318114, at *5 (D.D.C. Sept. 23, 2021).

United States." 28 U.S.C. § 1500. Two lawsuits are "for or in respect to the same claim when they are based on substantially the same operative facts." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011).

When determining whether the claims are based on substantially the same operative facts, the Supreme Court has described two tests based on the principles of res judicata that existed in 1868, the year Section 1500's predecessor statute was enacted: the "act or contract test" and the "evidence test." *Tohono*, 563 U.S. at 315–16; *see also Trusted Integration, Inc. v. United States,* 659 F.3d 1159, 1168–69 (Fed. Cir. 2011) (explaining the two tests). The "act or contract" test distinguishes "between demands or rights of action which are single and entire, and those which are several and distinct" on the basis that "the former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts." *Res. Invs.,* 785 F.3d at 666–67 (quoting *Tohono*, 563 U.S. at 316).

"Under the second test, the evidence test, two suits involve the same claim if: 'the same evidence support[s] and establish[es] both the present and the former cause of action[.]'" *Trusted Integration*, 659 F.3d at 1169 (quoting *Tohono*, 563 U.S. at 316). If either test is satisfied, Section 1500 deprives the Claims Court of jurisdiction. *See id.* at 1170 n.5 ("If two suits are determined to arise from the same claim under either of these res judicata tests, however, application of the bar of § 1500 is likely compelled.").

The doctrine of collateral estoppel additionally bars a plaintiff from relitigating the same issue. Following a valid and final judgment, "the judgment generally is conclusive as to the issues raised in the subsequent action if those issues were actually litigated and determined in the prior action and if their determination was essential to the judgment." Restatement (Second) of Judgments § 17

(1982); *see also New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001).

A party invoking collateral estoppel must show:

(1) the issue is identical to the one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) [the party against whom collateral estoppel is being asserted] had a full and fair opportunity to litigate the issue in the first action.

*Finjan LLC v. SonicWall, Inc.*, 84 F.4th 963, 969 (Fed. Cir. 2023) (quoting *Google LLC v. Hammond Dev. Int'l, Inc.*, 54 F.4th 1377, 1381 (Fed. Cir. 2022) (alteration in original)).

## II

We hold that the Claims Court correctly found that relitigation of the issue in this case—whether Section 1500 deprives the Claims Court of jurisdiction over the second Claims Court complaint—was barred by collateral estoppel. Each element of the collateral estoppel analysis is satisfied. The issue was decided in the first case, the issue was actually litigated, the issue was essential to the judgment, and Askan had full and fair opportunity to litigate the issue in the first action. Askan's sole argument for each element is that the complaint in *Askan I* and this case are not the same because the first cites the Due Process Clause whereas the second cites the Fifth Amendment Takings Clause. This is not a sufficient difference to avoid the preclusive effect of the prior judgment because the complaints in both cases are virtually identical—and, in several places, verbatim.

Because each requirement is met, we hold that this suit is barred by the doctrine of collateral estoppel.

Even if collateral estoppel did not preclude Askan's claims, Section 1500 presents an independent bar to the Claims Court's jurisdiction. Askan filed its second complaint on September 2, 2021, at which time Askan's complaint was still pending at the district court. While the relief sought is different, that is not determinative. *See Res. Invs.*, 785 F.3d at 666; *Ministerio Roca Solida v. United States*, 778 F.3d 1351, 1353 (Fed. Cir. 2015) ("[I]t is irrelevant whether the relief sought in the two co-pending suits is the same or different . . . ."). The same government conduct underlies each complaint, and the same evidence would be necessary to support Askan's claims. Whether analyzed under the "act or contract" or "evidence" test, the result is the same. The acts—"OFAC's block of the transaction returning Askan's down payment; OFAC's delay in authorizing the return of the funds; and OFAC's issuance of a license to the Comptroller that resulted in the funds escheating to the State of New York"—are the same acts that were at issue in the district court litigation. *Askan Holdings, Ltd.*, 2022 WL 1512730, at *6. Similarly, the same evidence would "support[] and establish[]" Askan's claims, whether that be a claim for declaratory relief, injunctive relief, or a takings claim. *Trusted Integration*, 659 F.3d at 1169 (quoting *Tohono*, 563 U.S. at 316).

Because we hold that Askan's claims are barred under the doctrine of collateral estoppel and that Section 1500 deprives the Claims Court of jurisdiction in this case, we do not reach the other issues.

**AFFIRMED**