NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**COLISTER SLATER,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2023-1986

---

Petition for review of the Merit Systems Protection Board in No. SF-3443-17-0029-I-1.

---

Decided: April 11, 2025

---

COLISTER SLATER, Fontana, CA, pro se.

DELISA SANCHEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, PROST and STARK, *Circuit Judges*.

PER CURIAM.

Colister Slater appeals a decision from the Merit Systems Protection Board (Board), determining Mr. Slater is collaterally estopped from bringing a claim of entitlement to Federal Employees' Retirement System (FERS) Law Enforcement Officer (LEO) retirement credit pursuant to 5 U.S.C. § 8412. For the following reasons, we *affirm*.

## BACKGROUND

Mr. Slater worked as a GS-0083 police officer with the Federal Protective Service (FPS) from 1997 to 2018. In 1998, the General Services Administration[1] (GSA) determined Mr. Slater's position did not qualify for LEO retirement coverage. S.Appx. 2. Mr. Slater appealed to the Board, which affirmed GSA's decision. *Id.* at 3. Mr. Slater appealed to our court, which affirmed the Board's decision. *Id.*; *Slater v. Gen. Serv. Admin.*, 250 F.3d 762 (Fed. Cir. 2000) (Table). Mr. Slater appealed to the Supreme Court of the United States, which denied certiorari. S.Appx. 3.

In 2001, GSA again denied Mr. Slater's claim for LEO retirement coverage, and GSA again denied his claim. *Id.* Mr. Slater appealed to the Board, which affirmed GSA's determination finding Mr. Slater was collaterally estopped from relitigating whether his duties qualified for LEO retirement coverage. *Id.* Mr. Slater did not appeal the Board's decision.

In 2015, Mr. Slater brought another appeal to the Board. Mr. Slater argued the duties of his position had changed due to intervening laws and presidential directives and he was entitled to LEO retirement coverage.

---

[1] In 2003, FPS became part of the Department of Homeland Security (DHS). *Slater v. Dep't of Homeland Sec.*, SF-3443-15-0322-I-1, 2015 WL 3854017 (M.S.P.B. June 18, 2015).

S.Appx. 9. The Board found Mr. Slater did not show the duties of his position were altered by any of the statutes or directives he cited and affirmed DHS's denial of LEO retirement credit. *Slater v. Dep't of Homeland Sec.*, SF-3443-15-0322-I-1, 2016 WL 258308 (M.S.P.B. Jan. 21, 2016). Mr. Slater appealed the Board's decision to the District Court for the Central District of California, which determined the appeal was correctly filed in the district court because it was a mixed case, but dismissed the appeal for lack of jurisdiction because the action was untimely. Minutes (in chambers) Court Order, *Slater v. Patterson, et al.*, No. ED CV 16-519 PA, at 3–4 (C.D. Cal. July 20, 2016).

In 2016, Mr. Slater initiated the present action with the Board. Mr. Slater again argued he was entitled to LEO retirement credit due to a change in job duties, citing the same laws as in the 2015 action. S.Appx. 9. The Board found Mr. Slater was collaterally estopped from arguing entitlement to LEO retirement coverage. *Id.* at 10; S.Appx. 3. Mr. Slater appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Mr. Slater argues the Board improperly denied him LEO retirement coverage. Opening Br. 2. Specifically, Mr. Slater argues: (1) the 1998 Board erred in its decision, *id.* at 3–29, and (2) the 2023 Board erred in failing to grant LEO retirement coverage, disregarding relevant evidence, failing to address 5 U.S.C. § 7703(c) violations, and failing to cite and follow *Klipp v. Dep't of Homeland Sec.,* 34 F.4th 1326 (Fed. Cir. 2022), *id.* at 29–30. DHS argues the Board correctly determined Mr. Slater was collaterally estopped from bringing a claim for LEO retirement coverage. Response Br. 3. We agree with DHS Mr. Slater is collaterally estopped.

We must affirm a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Collateral estoppel bars litigation if: (1) the issue is identical to a prior action, (2) the issue was actually litigated in the prior action, (3) the determination of that issue was necessary to the resulting judgment in the prior case, and (4) the interests of the party against whom collateral estoppel is sought were fully represented in the prior case. *Killeen v. Off. of Pers. Mgmt.*, 558 F.3d 1318, 1323 (Fed. Cir. 2009). Collateral estoppel is ultimately a question of law which we review de novo. *Google LLC v. Hammond Dev. Int'l, Inc.*, 54 F.4th 1377, 1380 (Fed. Cir. 2022). Collateral estoppel may implicate underlying facts, however, which we review for substantial evidence. *Id.*

The Board correctly determined Mr. Slater is collaterally estopped from bringing his claim for LEO retirement coverage. On the first prong of collateral estoppel, the Board found the issue of Mr. Slater's eligibility for LEO retirement coverage was the same issue litigated in his 2015 appeal to the Board. S.Appx. 10. The Board explained Mr. Slater cited to the same laws as in the 2015 appeal in arguing his job duties had changed. *Id.* at 9. The Board noted Mr. Slater argued he should be granted another opportunity to *relitigate* the issue. *Id.* at 10. The Board's finding that the issue Mr. Slater sought to argue in this case is the same issue argued in the 2015 case is supported by substantial evidence.

On the second and third prongs of collateral estoppel, the Board found the issue was actually litigated and necessary to the final determination in the 2015 appeal. *Id.* at 10. The Board cited to the 2015 appeal's final decision, which details the allegations made by Mr. Slater. *Slater*, 2016 WL 258308, at ¶ 7. The Board in the 2015 appeal explained why each provision did not support his argument and ultimately determined he "has not shown that the duties of his position have been altered by these provisions." *Id.* The Board in the 2015 case also explained its

affirmance of the AJ's initial decision rested on a review of all the issues on appeal, which necessarily included its review of Mr. Slater's claim for LEO retirement coverage and a conclusion that Mr. Slater had not established any basis for granting the petition for review. *Id.* at ¶ 1. The Board's findings on the second and third prongs of collateral estoppel are supported by substantial evidence.

On the fourth prong of collateral estoppel, the Board found Mr. Slater had a full and fair opportunity to litigate the issues in the 2015 appeal. S.Appx. 10. The Board explained that while Mr. Slater argued he was denied due process, the record of the 2015 appeal established "he was provided an opportunity to demonstrate how his duties were altered by the statutory provisions cited above but failed to do so." *Id.* Mr. Slater provides no argument as to how he was denied due process or an opportunity to fairly litigate his 2015 appeal. Substantial evidence supports the Board's finding Mr. Slater had a full and fair opportunity to litigate the issue in the 2015 appeal. We see no error in the Board's application of collateral estoppel.

Mr. Slater's arguments relating to the 1998 appeal do not demonstrate any error in the 2023 Board's decision. While Mr. Slater states he is appealing the most recent Board decision, most of his arguments alleging error relate to cases that are not before this court. *See, e.g.*, Opening Br. 6–13 (heading "MSPB AJ Gretchen Thomas Erred In Deciding Mr. Slater['s] Initial Case"); *see also id.* at 26 ("MSPB committed gross procedural errors and Mr. Slater was severely prejudiced by AJ Thomas' handling of his case."); *id.* at 28 ("AJ Thomas did not support her finding with substantial evidence violating 5 U.S. Code § 7703(c)(3)."). These issues are not properly before this court, and Mr. Slater has already fully litigated the 1998 decision.

Mr. Slater does not demonstrate any error in the Board's 2023 decision. None of Mr. Slater's arguments

pertain to the sole issue on appeal, i.e., whether the Board properly applied collateral estoppel. Instead, they all relate to the merits of whether Mr. Slater is entitled to LEO retirement coverage, which the Board did not reach.[2]

### CONCLUSION

Because the Board did not err in its determination Mr. Slater is collaterally estopped from bringing his claim of entitlement to LEO retirement coverage, we affirm.

### **AFFIRMED**

### COSTS

Costs to the government.

---

[2]    While the Board stated in a footnote that even if Mr. Slater was not collaterally estopped his claim would fail on the merits, we need not reach this issue because we see no error in the Board's application of collateral estoppel.