NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VICTOR R. ZIEGLER, SR.,**
*Petitioner*

**v.**

**DEPARTMENT OF THE INTERIOR,**
*Respondent*

---

2025-1093

---

Petition for review of the Merit Systems Protection Board in No. DE-3443-06-0454-C-4.

---

Decided:  September 9, 2025

---

VICTOR R. ZIEGLER, SR., Sioux Falls, SD, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before PROST and CUNNINGHAM, *Circuit Judges*, and
ANDREWS, *District Judge*.[1]

PER CURIAM.

Victor R. Ziegler, Sr., petitions for review of a Merit
Systems Protection Board ("Board") decision that dis-
missed his appeal regarding the Uniformed Services Em-
ployment and Reemployment Rights Act of 1994
("USERRA") due to collateral estoppel. We affirm.

## BACKGROUND

Much of the factual and procedural background rele-
vant to this opinion appears in our 2022 decision, *Ziegler v.
Department of the Interior*, No. 22-1182, 2022 WL 1435385
(Fed. Cir. May 6, 2022). We assume the parties' familiarity
with this background and will not repeat it here.

In our 2022 decision, we affirmed the Board's dismissal
of Mr. Ziegler's USERRA claims due to his release of those
claims in a 2008 settlement agreement. *Id.* at *2–4. We
deemed the settlement agreement "valid and enforceable"
after explicitly rejecting Mr. Ziegler's arguments that he
(1) executed the agreement under duress; (2) was not per-
mitted to participate in the agreement's drafting; and
(3) did not fully understand what he was signing. *Id.* at *4.

Mr. Ziegler then filed another appeal with the Board,
"repeat[ing] his argument . . . that his waiver of his
USERRA rights in the 2008 settlement agreement was in-
valid." *Ziegler v. Dep't of the Interior*, DE-3443-06-0454-C-
4, 2024 WL 3882635, at *2 (M.S.P.B. Aug. 16, 2024).[2]

---

[1]    Honorable Richard G. Andrews, District Judge,
United States District Court for the District of Delaware,
sitting by designation.

[2]    A printing of the Board's decision is included with
Mr. Ziegler's informal brief, ECF No. 23.

The Board dismissed Mr. Ziegler's appeal due to collateral estoppel arising from our 2022 decision. It observed that collateral estoppel (also known as issue preclusion) bars relitigating an issue when four elements are met: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom collateral estoppel is sought had a full and fair opportunity to litigate the issue in the prior action. *Id.* at *3. And it determined that each of these four elements was met.

As to the first and second collateral-estoppel elements, the Board characterized the relevant issue as whether Mr. Ziegler released his USERRA claims in the 2008 settlement agreement, and it determined that this court's 2022 decision had decided this issue. Indeed, although Mr. Ziegler argued to the Board that "he signed the settlement agreement under duress" and that he "did not understand" the agreement before signing, the Board noted that our 2022 decision had rejected those very arguments. *See id.* ("Thus, the issue presented here, *with the same supporting arguments no less*, was actually litigated in [the prior proceedings]." (emphasis added)). And, after concluding that the third and fourth elements were likewise met, the Board dismissed. *See id.* at *3–4.

Mr. Ziegler timely petitioned this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review a Board decision for whether it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Mr. Ziegler, as the petitioner, bears the burden of establishing reversible error in the Board's decision.

*Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 953 (Fed. Cir. 2020).

Collateral estoppel "protects litigants from the burden of relitigating an identical issue and promotes judicial economy by preventing needless litigation." *Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274 (Fed. Cir. 2005). It generally applies where: (1) an issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) the resolution of the issue was essential to a final judgment in the first action; and (4) the party defending against collateral estoppel had a full and fair opportunity to litigate the issue in the first action. *E.g.*, *Shell Petroleum, Inc. v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003). Collateral estoppel is ultimately a question of law, which we review de novo. *See Google LLC v. Hammond Dev. Int'l, Inc.*, 54 F.4th 1377, 1380 (Fed. Cir. 2022).

Mr. Ziegler has not identified—nor do we see—any error in the Board's application of collateral estoppel to bar him from relitigating the issue of whether he released his USERRA claims in the 2008 settlement agreement.

Mr. Ziegler nonetheless seems to argue that, if our 2022 decision concluded that he had not filed a "valid" USERRA claim, there can be no collateral estoppel for future USERRA claims. *See* Pet'r's Informal Br. 5.[3] The issue we decided, however, was that he could not bring his USERRA claims because he released those claims in the 2008 settlement agreement. And our resolution of that issue applies here as well, because the issue was already litigated and decided (and because the other elements of collateral estoppel are met).

---

[3]    When citing to specific pages of Mr. Ziegler's informal brief, we cite to the page numbers supplied by the electronic filing system in the header of the document.

ZIEGLER v. INTERIOR                                           5

## CONCLUSION

We have considered Mr. Ziegler's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**